UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOREN IVORY MORGAN,**

    **Plaintiff,**

 v.            Case No. 2:23-cv-3844
              JUDGE EDMUND A. SARGUS, JR.
              Magistrate Judge Chelsey M. Vascura

**WILLIAM RODNEY**
**MCMULLEN,**

    **Defendant.**

## ORDER

  This matter is before the Court on the November 17, 2023, Report and Recommendation issued by the Magistrate Judge. (R&R, ECF No. 2.) The Magistrate Judge recommended that Plaintiff's Motion to for Leave to Proceed *in forma pauperis* be denied. (*Id*.) Mr. Morgan timely filed an Objection. (ECF No. 3.)

  If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

  In his Objection, Mr. Morgan explains that even though the Court correctly found that he had $1,028.00 in his Huntington bank account at the time the R&R was issued, that money was saved for his rent which he paid on November 24, 2023, leaving him with an account balance of only $104.18. (ECF No. 3, PageID 17, 22–24.) Mr. Morgan adds that he owes over $29,000 in debt but does not specify to whom he owes this debt. (*Id*., PageID 17.) He also failed to include

1

this information in his original application. (*Id*.) After paying rent, Mr. Morgan contends he cannot pay the required filing fees and thus should be allowed to proceed *in forma pauperis*. (*Id*.)

The Court has reviewed the record and analyzed the Magistrate Judge's R&R and finds the R&R to be well-reasoned. While one need not be "absolutely destitute to enjoy the benefit of [28 U.S.C. § 1915(a)]," an individual must be able to demonstrate by affidavit that because of his poverty, he cannot pay the filing fee and provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Magistrate Judge explained that Mr. Morgan receives a monthly employment income of $4,068.90 and has monthly expenses of around $2,928.49, leaving $1,140.41 as discretionary income each month. (R&R, PageID 14.) His monthly discretionary income, coupled with his cash on hand, fails to demonstrate the degree of poverty deemed necessary for *in forma pauperis* status. (*Id*.) This Court agrees.

Accordingly, Mr. Morgan's Objection is **OVERRULED**. (ECF No. 3.) The Report and Recommendation is **ADOPTED** and **AFFIRMED.** (ECF No. 2.) The motion to proceed *in forma pauperis* (ECF No. 1) is **DENIED**. Mr. Morgan is **ORDERED** to pay the $402 filing fees ($350 filing fee plus $52 administrative fee) **within thirty days**. The Court **ADVISES** Mr. Morgan that if he fails to pay the filing fees in full within thirty days, his case will be dismissed for want of prosecution. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. This case remains open.

**IT IS SO ORDERED.**

**12/14/2023**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**