UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOREN IVORY MORGAN,**

    **Plaintiff,**

    v.

**WILLIAM RODNEY MCMULLEN,**

    **Defendant.**

**Case No. 2:23-cv-03844**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**ORDER**

This matter is before the Court on Plaintiff Loren Ivory Morgan's Motion to Object to the Magistrate's Report and Recommendation. (ECF No. 7.) The Court will construe Mr. Morgan's Motion as a Motion for Reconsideration of this Court's Order (ECF No. 6) denying Mr. Morgan's previous Motion objecting to the Report and Recommendation (ECF No. 5) issued by the Magistrate Judge and adopted by this Court (ECF No. 4). This Court adopted the Magistrate Judge's recommendation that Mr. Morgan's Motion for Leave to Proceed *in forma pauperis* be denied. (ECF No. 4.) For the reasons below, Mr. Morgan's Motion (ECF No. 7) is **DENIED**.

As long as district courts have jurisdiction over a case, those district courts may reconsider their interlocutory orders at any time. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004). But motions for reconsideration serve a limited function and are generally only warranted where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Pegg v. Davis*, No. 2:09-cv-908, 2009 U.S. Dist. LEXIS 120088, at *1 (S.D. Ohio Dec. 22, 2009) (Marbley, J.). They are not intended to relitigate issues previously

considered by the Court or to present evidence that could have been raised earlier. *Id.* Mr. Morgan claims that reconsideration is necessary in light of new evidence.

Mr. Morgan argues that he does not have any income and thus should be permitted to proceed *in forma pauperis*. (ECF No. 7, PageID 41.) Mr. Morgan defines income as compensation that makes one whole. (*Id.* at PageID 40.) Because Mr. Morgan argues he has not been "made whole," he submits to the Court that he does not in fact have any income. (*Id.*) But the Court previously found in the Order adopting the Report and Recommendation of the Magistrate Judge that Mr. Morgan had a monthly income of $4,068.90. (ECF No. 4, PageID 27.) After reviewing the evidence of Mr. Morgan's employment, annual income, debts, expenses, and other assets the Court concluded that Mr. Morgan did not demonstrate an inability to pay the Court's filing fee. (ECF No. 4, PageID 26–27.)

Mr. Morgan has not submitted new evidence that warrants reconsideration. Motions for reconsideration are not intended to be used to relitigate issues previously analyzed by the Court or to present evidence that Mr. Morgan raised earlier. *Pegg*, 2009 U.S. Dist. LEXIS 120088, at *1. Finally, despite incorporating the wording of the motion for reconsideration standard into his new Motion, nothing stated therein persuades this Court that there is a need to correct a clear error or to prevent a manifest injustice. The Motion (ECF No. 7) is therefore **DENIED.**

This case remains open.

**IT IS SO ORDERED.**

**3/25/2024**                                                   **s/Edmund A. Sargus, Jr.**  
**DATE**                                                         **EDMUND A. SARGUS, JR.**  
                                                                           **UNITED STATES DISTRICT JUDGE**